445 P.2d 831

**STATE of Arizona, Appellee,**

v.

**Ronald BROOKS, Appellant.**

No. 1781.

Supreme Court of Arizona,

In Banc.

Oct. 9, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by T. M. Pierce, Asst. Atty. Gen., Phoenix, for appellee.

Anne Kappes, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant Ronald Brooks was convicted of first degree murder of Ernest Woods. and was sentenced to life imprisonment. Defendant appeals from the order of conviction and from denial of his motion for a new trial.

Viewing the evidence, as we must, in a light most favorable to the State, the following events occurred: On the afternoon of September 27, 1966, defendant, Woods, and several other men were engaged in a card game at the Broadway Social Club, located at 2415 East Broadway in Phoenix, Arizona. In the course of the game defendant and Woods began arguing heatedly. Both men jumped to their feet, but one of the other men at the table, Allan Holmes, stepped between them. No blows were struck and no threats were made by either Woods or defendant; at this point the conflict was apparently limited to an exchange of insults.

Defendant, stating that he would come back, then left the building by the front entrance, went to his automboile and took a shotgun out of the trunk. He loaded it, returned to the front entrance and attempted to re-enter the Club, but Marvin Nelson, who was standing at the door, refused to allow defendant to enter with the shotgun. Meanwhile, Woods left the Club by a side door and proceeded along the side of the building toward the front where defendant stood with his shotgun.

Almost immediately after defendant had been prevented from entering the Club, he became aware that Woods was rapidly approaching. At the time defendant first observed Woods, they were approximately thirty feet apart. When Woods saw that defendant had discovered him, he placed his hand in his right rear pocket and, without saying anything, continued towards defendant. When Woods had advanced to within about ten feet of the defendant, the defendant shot him once in the abdomen. Woods fell dead. Subsequent police examination of the body revealed that Woods had a knife in his right rear pocket.

Defendant urges: (1) that the trial court erred in instructing the jury on murder by lying in wait, since the evidence does not support such an instruction; and (2) that the instruction as given does not properly state the law.

A.R.S. § 13–452 provides that murder committed by means of lying in wait shall be murder in the first degree, but the question of what conduct on the part of a defendant constitutes lying in wait, is one of first impression in Arizona. However, a lying in wait statute which is identical to ours in all material portions exists in California. It has been interpreted in several cases. A succinct statement of the conduct on the part of a defendant which will support a finding of murder by lying in wait is found in People v. Atchley, 53 Cal.2d 160, 346 P.2d 764, 772 (1959):

"The elements necessary to constitute lying in wait are watching, waiting, and concealment from the person killed with the intention of inflicting bodily injury upon such person or of killing such person. * * *"

See also People v. Merkouris, 46 Cal.2d 540, 297 P.2d 999 (1956); People v. Sutic, 41 Cal.2d 483, 261 P.2d 241 (1953); and People v. Tuthill, 31 Cal.2d 92, 187 P.2d 16 (1947).

In the application of this formula, there has been some disagreement as to whether lying in wait requires that the defendant actually be concealed. Although some courts have held "lying in wait" to exist where the defendant had not concealed himself from his victim, the majority view is that concealment is an essential element. This majority view is set forth in People v. Merkouris, supra. In that case defendant sat in a parked car across the street from his victim's shop for several days prior to the shooting. Holding that the theory of lying in wait was not applicable to these facts the court stated:

"We have here the elements of waiting and watching, but the record is devoid of any evidence tending to show that defendant made any attempt to conceal himself or to keep his presence in the vicinity of the shop a secret." 297 P.2d at 1012.

And further:

"The facts in the case under consideration do not appear to us to justify a lying in wait instruction * * * there was no attempt at either concealment or secrecy * * * ." Ibid.

Applying the tests of Atchley, supra, to the facts of the instant case we must conclude that defendant's conduct will not justify an instruction on lying in wait. First, the record is barren of evidence that defendant was lying in wait for his victim as he stood outside the front entrance of the Club. While there was testimony that, on being refused admittance, defendant muttered, "He's got to come out," this statement cannot be taken for more than a disgruntled reaction to being thwarted in his endeavor to enter and im-

mediately confront Woods, rather than "watching and waiting" in a clandestine manner.

Second, there is no evidence that defendant attempted to conceal himself or engaged in any conduct which showed an intention to take Woods unawares—a sine qua non of the majority rule re lying in wait. Defendant did not secrete himself behind one of the cars parked in front of the Club as he might well have done had he wished to ambush Woods. He did not hide in one of the adjoining buildings and wait for Woods to appear. He did not even attempt to enter the Club by the side door. He got his gun and came right to the front entrance. On these facts the trial court erred in instructing the jury on lying in wait.

Article 6, § 27 of the Arizona Constitution, A.R.S. as amended in 1960 provides that: "No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done." See also A.R.S. § 13–1598. The test in determining whether error was so prejudicial to the rights of defendant as to require reversal has been stated many times by this Court: "Is there a reasonable probability that the verdict might have been different if the error had not been committed?" State v. Dutton, 83 Ariz. 193, 200, 318 P.2d 667, 671 (1957). We conclude that there is a reasonable probability that the jury would not have convicted defendant of first degree murder had it not received the instruction on lying in wait. The error was thus prejudicial, and a proper basis for granting a new trial.

Having found prejudicial error in the giving of the instruction, it is not necessary to comment upon its form.

Defendant next complains of the trial court's refusal to give defendant's requested instruction on self-defense on the ground that it was a comment on the evidence. The record discloses that the court adequately covered the matter of self-defense in other instructions. It was there-fore not error to refuse to give the instruction requested by defendant. State v. Lovell, 97 Ariz. 269, 399 P.2d 674 (1965).

Reversed and remanded for new trial.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.