344 So.2d 616 (1977)
Matthew Allen MASTERS, Appellant,
v.
STATE of Florida, Appellee.
No. CC-26.
District Court of Appeal of Florida, First District.
April 7, 1977.
Rehearing Denied May 3, 1977.
*617 Ronald A. Nour, Daytona Beach, for appellant.
Robert L. Shevin, Atty. Gen., Patti Englander, Asst. Atty. Gen., for appellee.
MASON, ERNEST E. (Retired), Associate Judge.
On the 17th day of February, 1975, the State Attorney for the Seventh Judicial Circuit of Florida filed with the Clerk of the Circuit Court of Volusia County an amended information in three counts charging the appellant (defendant below) with certain alleged drug offenses.
The first count charges that the appellant did on October 22, 1974, unlawfully possess more than five grams of cannabis. The second count charges that the appellant did on the same day unlawfully sell such cannabis. The third count charges that the appellant did on the same day unlawfully possess less than five grams of cannabis. An original information had been filed in the same court on February 7, 1975, charging the same offenses with only one difference and that was as to the site of the alleged offenses charged in counts one and two. This original information alleged the site as having been in Daytona Beach as to these two offenses while the amended information alleged the site was in Port Orange, but in the same county.
After much pre-trial skirmishing the case was tried on May 30th, 1975, before a jury, resulting in verdicts of guilty as to all three counts of the amended information as charged. Thereafter on April 23, 1975, the trial judge adjudged appellant guilty of each offense as charged and sentenced him to four years imprisonment under each of the first two counts, such sentences to run concurrently. As to count three, a misdemeanor charge, the court sentenced appellant to a term of eleven months in the county jail, to run concurrently with the sentence imposed under count one. As to counts one and two the sentences were to the custody of the Division of Corrections.
The State in its brief has made two concessions as to errors by the trial judge. First, the State concedes that under the single transaction rule the trial judge should have sentenced appellant to only one term of imprisonment, and that the concurrent sentences must be voided and only one sentence imposed.
The other concession of error concerns the misdemeanor charge contained in count three. The State concedes that inasmuch as appellant was not brought to trial within ninety days of his arrest he should have been discharged as to this charge, and that the conviction and sentence thereon is null and void. As to this charge we note that not only was the appellant not tried within *618 ninety days of his arrest but no information was filed as to this charge until well after ninety days had transpired following such arrest. Appellant was arrested October 22nd, 1974.
Due to these concessions on the part of appellee our consideration of the assignments of error raised by the appellant is thereby limited to the validity of appellant's conviction under counts one and two.
Appellant has raised several points on appeal but our study of the entire record leads us to conclude that there is no merit to any of them except the point posed by assignment number seven. This assignment is predicated upon the trial court's re-assembling of the jury after its discharge following the publication of its verdicts as to the three counts of the information for the stated purpose of clarification of its verdict as to count one. To arrive at the proper decision by this court as to this assignment of error a brief chronological recitation of the events which transpired in the courtroom concerning the receipt and publication of the jury's verdicts, their publication, the jury's discharge by the court, its recall by the court for further consideration and clarification of its verdict as to count one, the jury's retiring to the jury room for such reconsideration upon the court's instruction and direction, the return of the jury after such reconsideration, the announcement and publication of the jury's reconsidered verdict as to count one and the court's polling of the jury upon its own motion after such publication.
However, before indulging in such recitation we note that the trial court's charge to the jury before their initial retirement to consider their verdicts was very complete. Since the error alleged concerns only count one (appellant making no objection as to the published verdicts as to counts two and three) it is well that we note that as to count one the court, after properly defining the elements of the offenses of the unlawful possession and sale or delivery of marijuana, and after informing the jury that the charges contained the offense of an attempt to commit the particular crime, instructed the jury as to the alternatives presented to it concerning its decision as to this count in the following language:
"Now, the information charges within count one, unlawful possession of more than five grams of cannabis which includes as a matter of law the lesser crime of attempted possession of more than five grams of cannabis; unlawful possession of less than five grams of cannabis."
As to each count of the information the court instructed the jury that it should return such verdict as would reflect its decision as to such count, whether of guilty or not guilty; and if guilty, then as to the degree of the offense charged with the jury found had been proven beyond a reasonable doubt. Further, the court instructed that if the verdict was guilty under one or more of the three counts, the jury should find a verdict of guilty for the highest offense charged and which had been proved beyond a reasonable doubt as to such count or counts. And that if no offense charged in a count had been proved beyond a reasonable doubt, then a verdict of not guilty as to that particular count should be returned.
The court at the conclusion of its charge handed to the jury verdict forms as to each count, instructing the jury to return as to each count the verdict form signed by its foreman which reflected the jury's decision as to such. Whereupon the jury retired to consider its verdicts. After a few minutes the jury returned to the jury box and requested further clarification as to its duty under count two of the information. The court gave further instruction as to this count to the apparent satisfaction of the jury. Upon a second return to the jury box the jury announced its verdicts as follows: "guilty of unlawful possession of controlled substance, to-wit: cannabis, in a quantity less than five grams, as to count one ..."; "guilty as charged in the information of unlawful sale and delivery of controlled substance as to count two ..."; and "guilty as charged in the information of unlawful possession of a controlled substance, to-wit; cannabis, in the *619 quantity of less than five grams, as to count three ..."
After reading the verdicts the court announced that they appeared to be in proper form and instructed the clerk to publish them. The clerk did so, following which the court inquired if either counsel desired that the jury be polled. Both stated that they did not. Thereupon the court discharged the jury, advising them that they could go their respective ways for the term.
As of the moment of the jury's discharge we have this status of the case: the defendant stands guilty of the misdemeanor charge of unlawful possession of marijuana under count one, the felony charge of the unlawful sale and delivery of marijuana under count two and the misdemeanor charge of the unlawful possession of marijuana under count three of the information. But almost immediately upon the discharge of the jury the court's attention was called to the fact that the jury had returned two verdicts of guilty as to count one which were clipped together, with the misdemeanor conviction resting on top and the felony conviction beneath it under a paper clip. Both were signed by the jury's foreman. There was no such double conviction under the other two counts, but the court noted that the verdict forms that had been delivered to the jury were separated as to each count and thus clipped together. The court upon having his attention called to the two signed verdicts as to count one called counsel to the Bench and informed them as to what had been disclosed to him. The record is silent as to whether the jury had left the courtroom, or if so, how far they had retired when the court learned of the double verdict as to count one. It was recalled within minutes of its discharge and it is therefore evident that they had not left the courthouse. The record is silent again as to whether the individual jurors had separated before they were recalled. There is nothing in the record to indicate that any outside influence had been brought to bear upon the jury, or any member of it during the interim before its recall, or that any opportunity existed for the jury, or any member of it, to be communicated with or tampered with by any person during the very few minutes that transpired between the time of discharge and recall. Appellant's counsel does not suggest that any such misconduct occurred. His position is simply that once the jury is discharged it cannot under any circumstance be recalled to clarify or reconsider its published verdict. Counsel does suggest that the trial court in recalling the jury to clarify its verdict by implication indicated to the jury that they had done something wrong in rendering a verdict of a lesser included offense.
After the jury returned and took its place in the jury box the trial court informed the jurors that he had discovered the two inconsistent verdicts signed by the jury's foreman, clipped together as aforesaid, and that he could not accept two verdicts under one count, but only one. He was very careful to inform the jury that he had no personal opinion as to which guilty verdict could be accepted and carefully re-instructed them as to the charges contained in count one and the alternatives available to the jury as to the proper verdict to be returned including a verdict of not guilty. He then returned the jury to the jury room with instructions to reconsider their verdict as to count one and to return such one verdict as agreed to by all of them. We find the trial judge's instructions and conduct most circumspect and in no wise did he express any opinion as to what verdict was the proper one, nor did he either overtly or by implication indicate anything more than that there could not be accepted two inconsistent verdicts in the case. He stated that the whole procedure was to have the jury clarify and advise the court which verdict was in truth and fact the verdict of the jury.
The jury retired to reconsider its verdict and subsequently returned into court. Thereupon the following colloquy occurred between the court and a member of the jury:
"The Court: Have you decided on your verdict as to count one?
Juror Number One: Yes.
*620 The Court: Will you please hand your verdict as to count one to the Bailiff?
I'm sorry, your comment to the Bailiff will have to go on the record. Will you repeat it for us, please?
Juror Number One: Your Honor, we weren't sure how to void the one, so I put the one we wanted on the top.
The Court: I will ask you to void the one that you do not want us to use, whichever one that is. I will ask you to writ the word `void' across the face of the one you do not want us to use.
Then I will ask you after doing that, to pass the voided verdict down among each of the jurors and let them review it to see if that is the one they all wanted voided.
Let the record show that that is being done at this time.
Let the record show that each of the jurors examined the voided verdict. I will ask you to return all the verdicts to the Foreman. Madam Foreman hand the Bailiff the one verdict you have reached, the one verdict you have unanimously reached."
Thereupon, the verdict was handed to the court for examination, and the clerk was directed to publish it. The published verdict found the defendant guilty under count one of the felony charge of the unlawful possession of a controlled substance, to-wit: cannabis, in excess of five grams. It was signed by the forewoman. The court then instructed the clerk to poll the jury and upon such polling each juror announced that this published verdict was his or hers, as polled. The court upon the completion of the poll inquired of the jurors as a body if it was their intention to have voided the signed form marked "void". Upon the jury's response in the affirmative, the jury was discharged.
The court instructed the clerk to retain in the file the verdict which had been marked void and which had been delivered to the court by way of the bailiff, noting that the word "void" had been written in block capital letters over the forewoman's signature, and that it was the same item that had been examined by each juror with each's concurrence that such verdict form be voided.
This appears to be a case of first impression in that we have been unable to find any case, either from this jurisdiction or any other, where an appellate court has been called upon to pass upon the question of a trial court's authority to recall a discharged jury for the purpose of clarifying the jury's intent where it is discovered after such discharge that the jury returned two inconsistent verdicts. Neither counsel has presented this court with any such precedent. No rule of the Florida Rules of Criminal Procedure speaks particularly to this point. We are, of course, familiar with the general rule that once the jury has been discharged it cannot be re-impaneled to hear any matters relating to the same case. Lee v. State, (Supreme Court of Florida) 294 So.2d 305 (1974). The reason for this rule is that upon discharge the members of the jury lose their separate identity as a jury and can be affected by extra-trial influences. This was the rationale of this court's decision in Smith v. State, 330 So.2d 59 (District Court of Appeal, First District) 1976.
But in this case less than a minute transpired before it was discovered that the jury had in fact as to count one of the information returned two inconsistent verdicts. The jury was immediately recalled and there occurred the sequence of events related herein-above. There is nothing in the record to reflect that the jury had in fact separated and gone their separate ways. On the contrary the fact that they were so readily re-assembled indicates to the contrary. As we stated above there is not any evidence that the jury had communicated with any outsider or that any outside influence was exerted upon them, or attempted.
The burden is upon the appellant to establish that any such communication with or influence upon the jury had occurred. In fact he has not even suggested any such and therefore, he has not met this burden.
We hold that under the circumstances as reflected by the record herein the *621 jury, though discharge was spoken by the court, in fact remained an undispersed unit, within the control of the court. Furthermore, the very case upon which it had been impaneled was still under discussion by the court, without the intervention of any other business, at the time it was recalled for the purpose of clarification of its verdict. See Summers v. United States, 11 F.2d 583 (Circuit Court of Appeals, Fourth Circuit) 1926.
Certainly, under the circumstances as reflected by this record the trial court should have been permitted to clear up this inconsistency in the returned verdicts of the jury. We, therefore, hold that the verdict returned by the jury of the felony conviction upon its reconsideration was valid, and that the trial court did not err in entering judgment thereon. In sum, we affirm the judgments of conviction entered by the court below under counts one and two, but remand the case to the trial court to vacate and set aside one or the other of the concurrent sentences imposed.
We also upon such remand direct the trial court to vacate and set aside the judgment and sentence imposed under count three of the information. In all other respects the judgments are affirmed.
In closing we are impelled to note the efficacy of the trial court polling the jury after it returns a verdict and before the verdict is recorded. Had the trial court adopted such procedure it is probable that the confusion which resulted as reflected by the record herein would have been avoided. Under the rule the trial court may poll the jury on its own motion even though not requested to do so by either party.
IT IS SO ORDERED.
McCORD, Acting Chief Judge, DREW, E. HARRIS, and MASON, ERNEST E. (Retired), Associate Judges, concur.