SIERRA FOODS, GARY RICHARD DAVIS AND ROBERT PARKER, APPELLANTS, v. JANE A WILLIAMS, INDIVIDUALLY AND AS HEIR OF JAMES E. MILLER, WALTER E. MILLER, INDIVIDUALLY AND AS HEIR OF JAMES E. MILLER, RESPONDENTS.

No. 21229

August 28, 1991                                     816 P.2d 466

---

*Vargas & Bartlett,* and *Nicholas F. Frey,* Reno, for Appellants.

*Robison, Belaustegui, Robb & Sharp,* Reno, for Respondents.

## OPINION

*Per Curiam:*

On May 11, 1988, appellants Gary Davis and Robert Parker, partners in Sierra Foods, drove two step vans owned by Sierra Foods on Oddie Boulevard in Sparks. Davis drove the first van and towed the second van which was operated by Parker. At the intersection of Sullivan Lane and Oddie Boulevard, the vans struck and mortally injured the decedent, James Miller.

Respondents Jane Williams and Walter Miller, the decedent's parents, sought damages in their individual capacities in a wrongful death action and on behalf of the decedent's estate in a survival action. After a seven-day trial, a jury awarded respondents a total of $687,343.58. This sum, however, failed to account for the jury's finding of fifteen percent contributory negligence on the part of the decedent. The error was discovered after the jury had been excused. The judge then recalled the jury and asked it to clarify the amount. The jury stated that it had already deducted the fifteen percent contributory negligence and that the $687,343.58 figure represented the net award. The verdict then was corrected to conform with the jury's explanation of its intent. The total amount awarded in gross damages to respondents, without a reduction for the decedent's contributory negligence, was $808,639.50.

On appeal, appellants contend that the verdict is fatally defective. Appellants further challenge several rulings made by the district court concerning juror misconduct and the admissibility

of evidence. All of appellants' contentions lack merit save for the challenge to the award of $47,343.58 to the decedent's estate, which is unsupported by substantial evidence. We therefore reduce the award by fifteen percent in order to conform the judgment to the evidence adduced at trial.

Appellant contends that the jury verdict is fatally flawed because the court lacked jurisdiction to reconvene the already-dismissed jury. We conclude that the court had jurisdiction to reconvene and re-empanel the jury.

This is a question of first impression in Nevada. Although the general rule in many jurisdictions is that a trial court is without authority or jurisdiction to reconvene a jury once it has been dismissed, we elect to adopt a well-reasoned exception to the general rule. *See, e.g.,* Newport Fisherman's Supply v. Derecktor, 569 A.2d 1051 (R.I. 1990); Masters v. State, 344 So.2d 616 (Fla.Dist.Ct.App. 1977). The exception in *Derecktor* applies when the jury has not yet dispersed and where there is no evidence that the jury has been subjected to outside influences from the time of initial discharge to the time of re-empanelment. *Derecktor,* 569 A.2d at 1053. The *Masters* court found that the general rule that a jury cannot be reconvened after discharge is inapplicable where the jury has not been influenced or lost its separate identity. *Masters,* 344 So.2d at 620-21.

In the instant case, the jury had not left the courthouse and remained under the *de facto* control of the court. Further, appellants produced no evidence that the jury was subjected to outside influences from the time of initial discharge. The facts of the instant case thus satisfy the standard developed in *Derecktor* and *Masters:* the exception to the general rule applies when the jury has not yet dispersed or lost its separate identity and when the moving party has presented no proof of outside influence. We conclude that the district court never lost jurisdiction over the jury.

Appellants also contend that the "second" and final verdict is defective because it found that the net sum owed to the Estate of James Miller is $47,343.58, or a gross sum of $55,698.33 (contributory negligence on the part of decedent in the amount of fifteen percent plus the net sum). Appellants argue that the award exceeds the evidence presented by respondents at trial of special damages which consisted solely of decedent's medical bills, totalling $47,343.58, and funeral expenses, totalling $2,767.13. Thus, appellants contend, the maximum gross sum the estate could recover is $50,110.71.

It is apparent that the only evidence of special damages the jury was entitled to consider were the medical bills and the funeral expenses. Appellants are correct in their assertion that the verdict is unsupported by substantial evidence because the gross amount awarded, $55,698.33, exceeded the maximum possible gross award of $50,110.71. We elect to reduce the award of past damages to the estate by fifteen percent to total $40,242.04. *See* Mort Wallin v. Commercial Cabinet, 105 Nev. 855, 784 P.2d 954 (1989) (court may vacate an award of damages when an absence of any competent evidence supported the award); Republic Insurance Co. v. Hires, 107 Nev. 317, 810 P.2d 790 (1991) (court has power to reduce award of punitive damages).

We have carefully considered appellants' remaining contentions and determine they are without merit. Accordingly, we affirm the judgment in favor of respondents but reduce the award of past damages to the estate by $7,101.54 to total $40,242.04 in order to conform the judgment with the evidence adduced at trial.