FINANCIAL BENEFIT LIFE INSURANCE CO., and Billie Hendricks, as Administrator of the Estate of Inza Weedman *v.* Mark WEEDMAN, Jr., Individually and as Administrator of the Estate of Mark Weedman, Sr., Deceased

98-380                                              968 S.W.2d 624

Supreme Court of Arkansas
Opinion delivered May 14, 1998

*Timothy O. Dudley*, for appellants.

*Robinson, Staley & Marshall*, by: *Robert Robinson* and *Eichen-baum, Lisles & Heister, P.A.*, by: *James H. Penick*, for appellee.

PER CURIAM. Appellants petitioned for review of the court of appeals' unpublished decision rendered in this case on March 11, 1998. The decision was based in part on this court's recognition of the rule that an objection to an irregularity or inconsistency in a verdict must be made prior to the discharge of the jury. In affirming the verdict in this case, the court of appeals determined that the time for correcting a verdict had passed because an objection to the verdict was not raised by the appellants until the jury had already been discharged and left the courtroom. *See P.A.M. Trans., Inc. v. Arkansas Blue Cross & Blue Shield*, 315 Ark. 234, 868 S.W.2d 33 (1993).

In appellants' petition, they cite *Traylor v. Huntsman*, 253 Ark. 704, 488 S.W.2d 30 (1972), in support of their argument that the answers to the interrogatories submitted to the jury were irreconcilable and should have been corrected by the trial court as a matter of law. Appellants cite no case law wherein this court has ever held that a trial court's failure to correct a verdict after the jury has been discharged constitutes reversible error.

Alternatively, appellants contend in their petition that, even if the correction is considered factual rather than an issue of law, the jury here had not lost its "separate identity" and should have been reconvened. In support of their argument, they assert in their petition for review that "the jurors had *not* left the courthouse when their objection was made, and were in fact still standing in the hall outside the courtroom." (Appellants' emphasis.) Appellants' petition further alleged that appellee's counsel indicated "it could be worked out the next day," when explaining why their conduct was reasonable at the trial's end and was "well within the principles and exceptions concerning waivers." Appellee counters, stating the record reflects nothing about jurors standing outside the courtroom after their discharge, nor does it show the appellants interposed a specific objection on the basis that incon-

sistent verdicts were rendered, or that appellee's counsel ever made the remarks attributed to him.

Appellee further responded to appellants' petition, stating the petition should be denied as merely reargument of the appellate court's decision, which contained no mistake of fact or law. We denied appellants' petition on April 30, 1998, but took under submission appellee's motion for Rule 11 sanctions, wherein he alleges the appellants' foregoing factual statements are unsupported by the record, and are grounds for the imposition of attorney's fees against appellants' counsel. We are compelled to agree.

In reviewing the record, we agree with appellee that the record in no way supports the appellants' assertions that the jurors were still standing in the hall outside the courtroom after they had been discharged. Nor can we find in the record that appellee's counsel said or indicated "it could be worked out the next day." The significance or relevance of these erroneous references become self evident when you consider that part of the relief sought by appellants is for our court to adopt a rule they argue is recognized in other jurisdictions, namely, that when the jury has not been subjected to outside influences, or has not lost its "separate identity," there is no waiver. Appellants cite this principle as being the majority rule, and if applied here would allow them to raise an argument that otherwise would have been waived because they failed to object and argue the issue before the trial court had discharged the jury. To support their argument, they cite 75B AM. JUR. 2d, *Trial* § 1896; *Sierra Foods v. Williams*, 816 P.2d 466 (1991); *Benton v. Wesley Machinery Inc.*, 191 Ga. App. 334, 381 S.E.2d 577 (1989).

Rule 11(a) of the Arkansas Rules of Appellate Procedure — Civil provides as follows:

> The filing of a brief, motion or other paper in the Supreme Court or the Court of Appeals constitutes a certification of the party or attorney that, to the best of his knowledge, information and belief formed after reasonable inquiry, the document is well grounded in fact; is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and is not filed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of liti-

gation. A party or an attorney who files a paper in violation of this rule, or party on whose behalf the paper is filed, is subject to a sanction in accordance with this rule.

■ Here, appellants' legal argument and request for us to depart from present case law are dependent upon statements of facts that cannot be found in the record. The statements alleged must appear in the record for us to consider them to be well grounded in fact. Consequently, we are unable to say appellants' petition for review is well grounded in fact as is required by Rule 11. In accordance with Rule 11(c), we grant appellee's request for reasonable attorney's fees related to his work in responding to appellants' petition. We award attorney's fees in the amount of $375.00.