NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

PAUL RANDOLPH PLATERO, JR.,
*Appellant*.

No. 1 CA-CR 19-0556
FILED 12-3-2020

Appeal from the Superior Court in Maricopa County
No.  CR2018-141031-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

**M O R S E**, Judge:

¶1 Paul Randolph Platero Jr. ("Platero") appeals his convictions and sentences for six counts of sexual conduct with a minor. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Dennis[1] and his siblings moved with their mother, Melanie, to Arizona in July 2017. Before moving into their own apartment, Dennis and his family stayed approximately four weeks in a Phoenix home with various men, including Platero.

¶3 In 2018, Platero was indicted on various charges, including six counts of sexual conduct with a minor under fifteen years of age ("counts one through six"). *See* A.R.S. § 13-1405. The offenses were charged as a "class 2 felony" and "dangerous crime against children." *See* A.R.S. §§ 13-1405(B), -705(Q)(1)(e).

¶4 Platero was tried in the summer of 2019. Dennis testified that Platero engaged him in a series of sexual encounters while staying in the same home in 2017. Dennis also testified at trial that he was eleven years old, was born in January 2008, and was nine when he and his family were staying in a home with Platero in the summer of 2017. Neither party contested Dennis's age.

¶5 A jury found Platero guilty of sexual conduct with Dennis, a minor, and further found that Dennis was under fifteen for counts one through six. The trial court's minute entry reflects that the jury rendered its verdicts at 3:15 p.m., which were then read aloud by a clerk. The trial judge

---

[1] We adopt the pseudonym provided in the State's answering brief to refer to the victim. *See* Ariz. R. Crim. P. 31.10(f).

then polled the jury members. Upon conclusion of the poll, the trial judge discharged the jury, stating:

> Folks, that concludes your service as jurors on this case, and I very much appreciate all the time and effort you put into this. It means a whole lot to our system of justice, and all of the parties appreciate it. You will be released from the admonition now. Feel free to talk about the case, not talk about the case, however you wish to handle it. But in any event, I truly do, on behalf of all the parties, wish to thank you for all of your time and effort that you've put into this.

¶6        The trial judge finished by noting that the jurors, if they so desired, were free to stick around to provide feedback to the attorneys. After the jury exited the courtroom, and the court began discussing sentencing dates, the prosecution indicated that the verdict forms for counts one through six should have included the option of finding that Dennis was under the age of twelve. The prosecution asked the court to recall the jury so it could make this further determination, and the court sent a clerk to gather the jurors back into the courtroom. Platero's defense did not object to the recall and consented to amend the verdict forms to allow the jury to find whether Dennis was under twelve years of age, "without going through the guilty/not guilty part again[.]" The jury returned and was present in the courtroom at 3:26 p.m. Addressing the jury, the trial judge explained:

> Folks, after you left—and I apologize for bringing you back. But after you left, we realized I had an error on the jury form. The finding as to the age of the child is not [fifteen]. It should be [twelve]. Okay? So . . . I'm going to ask you to take forms [one] through [six] back and to talk amongst yoursel[ves], just like you did for deliberations, to determine whether or not you find the child was under the age of [twelve] at the time of the offenses. And if you could just write that on these forms, I'd very much appreciate it.

¶7        After deliberating, the jury further found that Dennis was under twelve for counts one through six.

¶8        Platero timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

3

## DISCUSSION

**¶9** Platero argues the trial court violated the Fifth Amendment of the United States Constitution and committed fundamental error when it recalled the jury to determine whether Dennis was under twelve for counts one through six. He also argues that the trial court violated Article 6, Section 27, of the Arizona Constitution by commenting on evidence when addressing the jury.

## I. Recalling the Jury.

**¶10** Platero argues the trial court erred in recalling the jury after it had been discharged. Because Platero consented to recalling the jury and amending the jury verdict forms, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). "[T]he first step in fundamental error review is determining whether trial error exists." *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). If we find error, we "must decide whether the error is fundamental." *Id.* An error is fundamental if "(1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Id.* A defendant who establishes fundamental error under the first or second prong "must make a separate showing of prejudice," while a defendant who establishes fundamental error under the third prong has *ipso facto* shown prejudice. *Id.* "The defendant bears the burden of persuasion at each step." *Id.*

**¶11** Platero argues that recalling the jury to deliberate on Dennis's age was fundamental error. However, because it was undisputed that Dennis was only eleven years old when he testified at trial, it is beyond implausible that any jury could have failed to find that he was under twelve at the time of the alleged offenses. *See Henderson*, 210 Ariz. at 570, ¶ 33 (finding no reasonable jury could have failed to find the existence of a statutory aggravator where it was undisputed that victim's age was over sixty-five). Therefore, even assuming that recalling the jury constituted error, Platero is unable to make the necessary showing that that the error caused him prejudice. *Id.* at 569, ¶ 28 ("We review for fundamental error to determine whether a reasonable jury, applying the correct standard of proof, could have failed to find the existence of [the] aggravator."). Because Platero cannot show prejudice, recalling the jury was not so egregious an error "that [Platero] could not possibly have received a fair trial." *Escalante*, 245 Ariz. at 142, ¶ 21.

4

¶12        Platero cites to *State v. Crumley*, in which a trial court recalled a discharged jury after realizing the issue of the defendant's prior convictions had been overlooked.  128 Ariz. 302 (1981).  The trial court attempted to recall the jury but some of the jurors had already left the courthouse and returned home.  *Id.* at 305.  The entire jury did not reconvene until the following morning to consider the defendant's prior convictions.  *Id.*  The Arizona Supreme Court set aside the sentence on appeal, holding:

> Once discharged, we think this jury could not be properly recalled to further decide an issue of this case.  It is simply too dangerous a practice to discharge the individual jurors from the duties and obligations of their oath, send them back into the community without admonitions or instructions, and then recall those same jurors to make a fair and impartial determination of any remaining issue connected with the case.

*Id.* at 306; *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1894 (2016) (stating that federal district courts should "determine whether any juror has been directly tainted" when considering whether to recall a jury in a civil case).[2]

¶13        While the Court in *Crumley* expressed concern with recalling jurors who had been "sen[t] . . . back into the community without admonitions or instructions," it limited its decision to "an ad hoc determination based on the narrow factual situation of this case," and, thus, did not establish a rule barring courts from ever reconvening a discharged jury for further deliberation.  *Id.*  Precedent from other jurisdictions "falls within two camps on whether a jury may be recalled after discharge . . . ." *Wagner v. Jones*, 758 F.3d 1030, 1034-35 (8th Cir. 2014) (collecting cases), *abrogated by Dietz*, 136 S. Ct. at 1891.  Some courts have declined to find that a jury can never be recalled in a criminal case.  *E.g.*, *United States v. Figueroa*, 683 F.3d 69, 73 (3rd Cir. 2012) (finding the jury's release does not preclude recall if the "jurors did not disperse and interact with any outside individuals, ideas, or coverage of the proceedings"); *United States v. Rojas*, 617 F.3d 669, 678 (2d Cir. 2010) ("It is significant that, although the jury had technically been declared discharged by the court, it had not dispersed. The

---

2        The holding in *Dietz* is limited "to civil cases only."  136 S. Ct. at 1895.  The Supreme Court noted the "additional concerns in criminal cases, such as attachment of the double jeopardy bar," and expressly declined to address "whether it would be appropriate to recall a jury after discharge in a criminal case."  *Id.*

jurors were therefore not exposed to outside factors . . . ." (internal quotation marks omitted)); *Summers v. United States*, 11 F.2d 583, 586 (4th Cir. 1926) ("[T]he mere announcement of [the jury's] discharge does not, before they have dispersed and mingled with the bystanders, preclude recalling them.") (citation omitted); *State v. Clements*, 423 P.3d 253, 261-62, ¶¶ 40-46 (Wash. App. 2018) (affirming recall where verdicts had been read at 2:26 p.m. and jury reassembled in courtroom at 2:42 p.m.); *People v. McNeeley*, 575 N.E. 2d 926, 929 (Ill. App. 1991) (affirming recall where the judge "could have properly concluded that the [discharged] jurors were subjected to no improper outside influences"); *Masters v. State*, 344 So.2d 616, 620 (Fla. App. 1977) (placing the burden on the defendant to prove outside influence on a jury during the period of discharge). But other courts have applied a bright-line rule against jury recall following discharge. *E.g., State v. Green*, 995 S.W.2d 591, 614 (Tenn. Crim. App. 1998) ("[O]nce a jury in a felony case has been discharged and outside contacts may have occurred, the jury may not be reconvened for the purpose of taking further action involving the accused") (internal quotation marks omitted); *Blevins v. State*, 591 N.E.2d 562, 563 (Ind. App. 1992) ("Any action of the jury after its discharge is null and void."); *People v. Rushin*, 194 N.W.2d 718, 721-22 (Mich. App. 1971) (finding error where jury reconvened after leaving the courtroom, "be it for two minutes or two days"); *Melton v. Commonwealth*, 111 S.E. 291, 293 (Va. 1922) ("When the court announces their discharge, and they leave the presence of the court, their functions as jurors have ended, and neither with nor with without the consent of the court can they amend or alter their verdict.").

¶14        This case does not present the "narrow factual situation" that was present in *Crumley*. 128 Ariz. at 306. There, when the court tried to recall the jury, two of the jurors had already returned home and at least some of the jurors did not return to the courtroom until the following morning. *Id.* at 305. In contrast, each of the jurors in this case returned to the courtroom only minutes after discharge, and there is no indication that the jurors had left the courthouse. Indeed, the jury was present in the courtroom at 3:15 p.m. before returning their initial verdicts, which were then read aloud by the clerk. After discharge, the jurors were gathered back to the courtroom by 3:26 p.m. and had been gone for less than ten minutes before returning for further deliberation.

¶15        Platero points out that we have no record of the emotions to which the jurors may have been exposed, whether they had discussions with non-jurors, or what phone calls or text messages they may have made to family and friends during the brief period between their discharge and recall. *See Dietz*, 136 S. Ct. at 1894-95 (stating that federal district courts

should consider "whether the jurors have spoken to anyone about the case after discharge[,]" "the reaction to the verdict[,]" and the "extent just-dismissed jurors accessed their smartphones or the internet"). Although the best practice would have been for the trial court to conduct an inquiry to "determine whether any juror ha[d] been directly tainted," *id.* at 1894, Platero consented to re-empaneling the jury and did not ask the court to make such an inquiry, *see Dietz v. Bouldin*, 794 F.3d 1093, 1099 n.6 (9th Cir. 2015) (stating that an inquiry into whether jurors were exposed to compromising influences "may not be necessary where the parties have explicitly stipulated to the recall procedure"), *aff'd*, 136 S. Ct. 1885 (2016); *see also Clements*, 423 P.3d at 262, ¶ 43 (noting that when the jury reconvened within sixteen minutes after verdict had been read that "[t]he time was so short that neither a cautious court nor counsel expressed a need to question the jurors about what they had been doing in those few minutes").

**¶16** Because he did not object below, the burden is on Platero to establish that any fundamental error caused him prejudice, *Escalante*, 245 Ariz. at 142, ¶ 21, and mere speculation about what the jurors may have been exposed to in the minutes between discharge and recall is insufficient to carry that burden, *see State v. Riley*, 248 Ariz. 154, 180, ¶ 88 (2020) (affirming convictions where defendant pointed to no evidence that he was prejudiced by an allegedly erroneous trial instruction and merely asked the court "to speculate that the jurors were misled or confused"); *cf. also Dietz*, 136 S.Ct. at 1896 ("There is no benefit to imposing a rule that says that as soon as a jury is free to go a judge cannot rescind that order to correct an easily identified and fixable mistake, even as the jurors are still in the courtroom collecting their things.").

**¶17** The lack of any potential prejudice and the immediate return of the jury only minutes after discharge persuade us that the trial court did not commit fundamental, prejudicial error. *See Escalante*, 245 Ariz. at 138, ¶ 1.

## II. Double Jeopardy.

**¶18** Platero also argues that the trial court placed him in double jeopardy and violated his due process rights when it recalled the jury to determine whether Dennis was under twelve for counts one through six. *See* U.S. Const. amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb; . . . nor be deprived of life, liberty, or property, without due process of law . . . .").

¶19           We fail to find that the trial court ever subjected Platero to double jeopardy or deprived him of due process. The state indicted Platero on charges of committing sexual conduct with a minor under fifteen years of age, a "class 2 felony" and "dangerous crime against children," in violation of A.R.S. § 13-1405 and -705. When the jury returned its initial verdicts finding Platero guilty as charged, he became subject to an enhanced sentence under A.R.S. § 13-705. *See* A.R.S. § 13-1405(B) ("Sexual conduct with a minor who is under fifteen years of age is a class 2 felony and is punishable pursuant to § 13-705."). Section 13-705 imposes enhanced sentencing for persons convicted of sexual conduct with a minor under twelve years of age. *See* A.R.S. § 13-705(A) (providing that an adult convicted of a dangerous crime against children in the first degree involving sexual conduct with a minor who is twelve or younger shall be sentenced to life imprisonment); *see also* A.R.S. § 13–705(B) (providing that the same may be sentenced to life imprisonment, or alternatively, to a term between thirteen and twenty-seven years). Thus, when the jury was recalled, it determined whether Platero would be subject to an enhanced sentence, not whether Platero was guilty of any new offense. *See* Rev. Ariz. Jury Instr. ("RAJI") Statutory Crim. 7.05 (jury instructions) (5th ed. 2019) ("The sentence under A.R.S. § 13-705 differs depending on the age of the victim. Therefore, the jury will still have to find the age of the child as part of its aggravation verdict.").

¶20           Because the jury was recalled only to determine whether a sentence-enhancing aggravator existed—whether Dennis was under twelve at the time of the alleged offenses—the trial court did not subject Platero to double jeopardy. *See State v. Anderson*, 210 Ariz. 327, 348, ¶ 87 (2005) (holding that "use of a second jury during the aggravation and penalty phases does not constitute double jeopardy"); *State v. Ring*, 204 Ariz. 534, 548, ¶ 27 (2003) (noting that, except for in capital sentencing proceedings, "[d]ouble jeopardy principles generally do not apply to sentencing proceedings") (citing *United States v. DiFrancesco*, 449 U.S. 117, 132 (1980)).

## III.    Commenting on Evidence.

¶21           Platero claims the trial court coerced a guilty verdict by commenting on evidence in violation of Article 6, Section 27, of the Arizona Constitution, which provides that "[j]udges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." Because Platero did not object to the trial court's statements, we review for fundamental error. *See Henderson*, 210 Ariz. at 567, ¶ 19. "A judge violates Arizona's constitutional prohibition against commenting on evidence by

expressing an opinion as to what the evidence proves, in a way that interferes with the jury's independent evaluation of that evidence." *Riley*, 248 Ariz. at 179, ¶ 85 (internal quotation marks omitted). "An abstract instruction may amount to a comment on the evidence if the instruction indicates the trial judge's opinion regarding some evidence of the case." *Id.* We will not reverse for technical error in pleadings or proceedings "when upon the whole case it shall appear that substantial justice has been done." Ariz. Const. art. 6, § 27.

**¶22** Platero argues that the trial judge's statement that "[t]he finding as to the age of the child is not [fifteen] . . . [i]t should be [twelve]" was a "comment" on evidence which the jury may have misunderstood as a directive to find that Dennis was under twelve. However, the court prefaced this statement by explaining that it had made an error on the jury verdict forms and followed it up by instructing the jury "to talk amongst yoursel[ves], just like you did for deliberations, to determine whether or not you find the child was under the age of [twelve] at the time of the offenses." Read together, we do not see these statements as indicating to the jury that the judge had formed an opinion about Dennis's age. *Riley*, 248 Ariz. at 179, ¶ 85. Instead, it is apparent the trial judge was clarifying an earlier error with the verdict forms and explaining that the jury needed to determine, for themselves, whether Dennis was under twelve for charges one through six, rather than whether he was under fifteen.

**¶23** Moreover, even were we to assume that the trial judge's statements were an impermissible "comment" on the evidence, Platero fails to show how the error caused him prejudice. *See State v. Diaz*, 110 Ariz. 32, 35 (1973) (noting that a judge's comment on evidence is error where prejudicial). Mere speculation about how a jury may have confused an instruction is insufficient to prove prejudice. *See Riley*, 248 Ariz. at 180, ¶ 88. Moreover, because it was undisputed that Dennis was eleven years old at the time of trial, no reasonable jury could have possibly failed to find that Dennis was under twelve for counts one through six. *See Henderson*, 210 Ariz. at 570, ¶ 33. Any theoretical error with the judge's instructions did not prejudice Platero. *See Escalante*, 245 Ariz. at 142, ¶ 21.

**CONCLUSION**

¶24        We affirm Platero's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA