# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2143

_____

MALCOLM T. COOPER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

May 15, 2024

TANENBAUM, J.

Malcolm Cooper appeals his convictions and concurrent sentences (which include a life sentence). His appeal centers on several interactions by the trial judge with the jury. Cooper first contends that the trial judge created a coercive atmosphere regarding both deliberations and the ultimate verdict form.[1] He also argues that the judge erroneously recalled the "discharged"

---

[1] On this front, we address only Cooper's argument about deliberations. We reject, without analysis, the alternative argument about the judge's direction to the jury to return to the jury room, review his prior instructions, and clarify an aspect of the verdict form. That argument was not preserved, and we find no indication of coerciveness and no fundamental error.

jury to re-poll the jurors about their verdict after the judge realized that he had misread the verdict form to them. We will affirm.

The first of Cooper's contentions we address is that the trial court fundamentally erred by giving an unrequested standard *Allen*[2] charge on the second day of jury deliberations, even though the jury had not announced it was deadlocked. The previous day, the jury had been allowed to adjourn after starting its deliberations and continuing for about three hours. On the second day, the jury sent a note indicating that it had reached a decision as to two counts—burglary and criminal mischief[3]—but apparently not two others—arson and kidnapping. The jury asked if it could leave and resume deliberations the following (third) day. The trial judge told counsel that he was inclined to keep the jury there and give them the charge. After all, it was not even 4:00 p.m., yet. The prosecutor stated that the State was "fine with that," but defense counsel said, "Defense wouldn't be asking for it."[4] The judge read the standard instruction for a deadlocked jury. No objection or request for a cure was lodged following this. The jury returned later that afternoon with a verdict that was consistent with its previous note: deadlocked on the arson and kidnapping counts, verdicts for the others, and an answer regarding the commission of a battery during the burglary.

---

[2] *Allen v. United States*, 164 U.S. 492 (1896).

[3] The verdict form contained an interrogatory regarding whether an assault or battery had occurred inside the dwelling during the charged burglary, and the jury indicated in its note that it had reached a decision as to that interrogatory as well.

[4] We do not construe counsel's statement as an objection sufficient to preserve the issue for ordinary appellate review. Counsel's statement indicates, at best, acquiescence to the charge (but not invited error), so while the argument is not waived, we limit our consideration to whether the trial court's action constituted fundamental error. *See Allen v. State*, 322 So. 3d 589, 598 n.4 (Fla. 2021) ("To be clear, acquiescing to an incorrect instruction constitutes a failure of preservation that does not preclude fundamental-error review.").

This court previously has suggested that without an objection to an *Allen* charge being given to a jury that is not deadlocked, there can be no reversible error. *See Armstrong v. State*, 364 So. 2d 1238, 1238 (Fla. 1st DCA 1977) ("While we consider that the giving of the instruction in the absence of a deadlocked jury was error, such was not fundamental error, and the failure to object waived any objection appellant might have had to the instruction."); *Gahley v. State*, 567 So. 2d 456, 460 (Fla. 1st DCA 1990) (relying on *Armstrong* to conclude that there was no reversible error in giving the *Allen* charge absent an "assertion of deadlock" because no objection had been made).

That said, it is conceivable that there could be fundamental error if there is evidence of coercion under the "totality of the circumstances" of the case. *Thomas v. State*, 748 So. 2d 970, 976 (Fla. 1999) ("It has long been the law that a trial court should not couch an instruction to a jury or otherwise act in any way that would appear to coerce any juror to reach a hasty decision or to abandon a conscientious belief in order to achieve a unanimous position." (citing *Jones v. State,* 92 So.2d 261 (Fla. 1956))). Factors to consider are the following: "(1) coercive deadlines, (2) threats of marathon deliberations, (3) pressure for the surrender of conscientiously held minority views, and (4) any implication of a false duty to decide." *Gahley*, 567 So. 2d at 459; *cf. Thomas*, 748 So. 2d at 976–77 (considering the following factors indicating coercion: "(1) the trial judge's repeated failure and refusal to give the balanced *Allen* charge from the Standard Jury Instructions; (2) the judge's repeated informal instructions urging the jury to render a decision; (3) the prevailing conditions surrounding the deliberations evidenced predominantly by the jury's deliberations into the early morning hours of the following day; and (4) the jury's announcement in open court of their split vote indicating a lone holdout").

We can find none of these factors present in the record here. Indeed, "the fact that no objection was raised to the supplemental instruction indicates that the potential for coercion did not appear so to one on the scene." *Gahley*, 567 So. 2d at 460. Moreover, "[s]ince the jury had not completed its work at the usual adjournment time, it was not inappropriate to return the jurors to the courtroom to provide guidance." *Id.* Finally, the final verdict,

3

which showed a deadlock on the same two counts that the jury had mentioned in its note suggests that the *Allen* charge in the end had no discernable effect. Cooper's first argument for reversal fails.

Now for the appellant's second contention: The trial judge erred by—over defense counsel's objection—bringing back the jurors, after they had been discharged, to re-poll them once the judge realized that he had made a mistake in his reading of the verdict form to the jurors in connection with the first poll. While a discharged jury cannot be recalled, a trial court does not err by doing so after it simply uses the term "discharged." The supreme court has explained this as follows:

> On the other hand, it may remain undischarged and retain its functions, *though discharge may have been spoken by the court*, if, after such announcement, it remains an undispersed unit, within control of the court, with no opportunity to mingle with or discuss the case with others, and particularly where, as here, the very case upon which it has been impaneled is still under discussion by the court, without the intervention of any other business.

*Lee v. State*, 294 So. 2d 305, 308 (Fla. 1974) (emphasis supplied); *see also U.S. Fid. & Guar. Co. v. Gulf Fla. Dev. Corp.*, 365 So. 2d 748, 749 (Fla. 1st DCA 1978) ("After a jury has returned its verdict, has been discharged and separated, it cannot be recalled to alter or amend the verdict." (emphasis supplied)).

Along these lines, then, the circumstances here are close to those under consideration in *Masters v. State*, 344 So. 2d 616 (Fla. 1st DCA 1977), which affirmed. The court stated, in pertinent part, the following:

> But in this case less than a minute transpired before it was discovered that the jury had in fact as to count one of the information returned two inconsistent verdicts. The jury was immediately recalled and there occurred the sequence of events related herein-above. There is nothing in the record to reflect that the jury had in fact separated and gone their separate ways. On the contrary the fact that they were so readily re-assembled indicates to the

4

contrary. As we stated above there is not any evidence that the jury had communicated with any outsider or that any outside influence was exerted upon them, or attempted.

The burden is upon the appellant to establish that any such communication with or influence upon the jury had occurred. In fact he has not even suggested any such and therefore, he has not met this burden.

*Id.* at 620.

The record indicates that the jurors were readily retrieved from within the courthouse shortly after they had been discharged. The appellant does not suggest that the jurors had "gone their separate ways" or that "any outside influence" had been exerted on them in the short time after they had left the courtroom, and nothing was submitted before the trial court to this effect as part of defense counsel's contemporaneous objection. *Cf. Gulf Fla. Dev.*, 365 So. 2d at 750 (distinguishing *Masters* because "[t]he jury in this case was separated and out of the presence of the court for a period in excess of five days" and "[d]uring that period the opportunity existed for the jury to be communicated with or tampered with by any person," which in fact happened, as "several jurors admitted that they had read newspaper articles concerning the trial in the interim period after discharge"). Cooper's second argument for reversal also falls short.

AFFIRMED.

BILBREY and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Luke Newman, Tallahassee, for Appellant.

Ashley Moody, Attorney General, David Welch, Assistant Attorney General, Tallahassee, for Appellee.