McCORD, Judge.
Appellant appeals his conviction of aggravated assault and possession of a weapon by a state prisoner. He contends the verdict of the jury was not unanimous, and *563 therefore the court erred in accepting it and denying his motion for mistrial and his motion for a new trial. After the jury deliberated for one and one-half hours, the court called it back and gave it an “Allen” charge. Forty-five minutes later, the jury returned with verdicts of guilty to both charges. The defense requested that the jury be polled and the clerk proceeded to do so. When the clerk came to juror Searcy, the transcript of the trial shows the following:
“MRS. CLERK: Mrs. Searcy, was that your verdict of guilty on both counts?
JUROR SEARCY: (Shakes head negatively.) It wouldn’t agree with my conclusions, no.
THE COURT: I didn’t hear that.
JUROR SEARCY: I said that I turned in a guilty plea, but it wouldn’t agree with my conclusions if I got up and said that it was.
THE COURT: But that is the verdict you reached in the jury room?
JUROR SEARCY: Yes.
THE COURT: And that’s the verdict that has just been read here?
JUROR SEARCY: Yes.
* * * * * *
THE COURT: Mrs. Searcy?
JUROR SEARCY: Yes, sir.
THE COURT: Did I correctly understand you to say that arriving at this verdict or reaching this verdict you did bothers your conscience?
JUROR SEARCY: Yes, sir.
THE COURT: But that you still felt that was the verdict to be reached with the other members of the jury?
JUROR SEARCY: I felt like this. If the majority, five of them, would say he was guilty that there was no alternative.
THE COURT: But that you independently arrived at that verdict along with the other five members of the jury. Is that correct?
JUROR SEARCY: Well, at the end, yes, I did.”
In the above questioning of Juror Searcy by the court, it is apparent that she did not agree with the verdict but just went along with it after the “Allen” charge because she felt that she had no other alternative if five of the other jurors did not agree with her. It was not explained to her that she did not have to agree to the verdict simply because the other five jurors agreed. After stating that the verdict would not agree with her conclusions, she was asked if that was the verdict she reached in the jury room and she said yes, but it is clear that on being polled she repudiated that agreement and thereafter did not disavow the repudiation. Fla.R.Crim.P. 3.450 states as follows:
“Upon the motion of either the State or the defendant or upon its own motion, the court shall cause the jurors to be asked severally if the verdict rendered is their verdict. If a juror dissents, the court must direct the jury be sent back for further consideration; if there be no dissent the verdict shall be entered of record and the jurors discharged.

Juror Searcy having dissented from the verdict and there having been no subsequent unanimous verdict, a mistrial should have been declared.
Reversed for a new trial.
RAWLS, Acting C. J., and SMITH, J., concur.