405 So.2d 220 (1981)
The STATE of Florida, Appellant,
v.
Moses THOMAS, Appellee.
No. 80-1923.
District Court of Appeal of Florida, Third District.
October 13, 1981.
Janet Reno, State Atty. and Arthur Joel Berger, Asst. State Atty., for appellant.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
The State appeals from an order of the Dade County Circuit Court granting a new trial to Moses Thomas.
Thomas was tried before a six-member jury on the charges of aggravated battery and the unlawful possession of a firearm while engaged in a criminal offense. Upon retiring to consider the evidence, the jury was instructed by the court that its verdict "... must be unanimous ... [and] ... must be the verdict of each juror as well as the jury as a whole". The jury returned with a verdict of guilty of attempted aggravated assault and guilty of possession of a firearm while engaged in a criminal offense. *221 The jury was then polled[1] by the Clerk. The Clerk then stated: "The jury accedes in the verdict." After the jury was dismissed, one of its members, Ms. Bennett, waited outside the courtroom and expressed to one or more persons that the verdict was not hers and that the forearm had put pressure on her to accede to the guilty verdict.
Thereafter, defense counsel filed a sworn motion to interview the jurors, based on the statements of Ms. Bennett made immediately after trial. The motion stated that juror Bennett and another juror, Ms. Vickery, had stated that the verdict was not theirs. The State stipulated to the granting of the motion to interview upon the condition that the trial judge conduct the interview. The defendant also filed a motion for arrest of judgment and for a new trial. In terms of the interviewing of the jury, the State argued that "at this point" the court was limited to a review of the official records [the Clerk's minutes and the Court Reporter's records] to determine whether there was a polling and assent to the verdict by the jurors. (The Clerk informed the court that neither the docket sheet nor his minutes would reflect the polling of the jury.) The State objected to the court's statement that it was going to interview the jury.
The testimony of juror Bennett was that she had not voted and that when the Clerk ordered everybody to answer during the polling, "I didn't say anything." Testimony of the other jurors indicated that juror Bennett either stated outright during jury deliberations that "guilty" was her verdict or else that she stated "All right. Just put me down for guilty." The other jurors also stated that they heard juror Bennett say "Yes" when asked by the Clerk whether the verdict was hers. The testimony of the Court Clerk was that "Judge, Mrs. Bennett's response was not yes. It was huh." The Clerk went on to state that he did not bring this matter to the court's attention because "It's not my responsibility to stop the jurors... . It's counsel's responsibility to sit there and observe the jurors and to stop me when they don't affirm." The Clerk (a black) stated that when Ms. Bennett (also a black) said "Huh", he interpreted that as "blank lingo" for "I'm not answering yes. I'm not answering no." in other words, the "huh" was a non-responsive answer in the Clerk's mind.
The court granted the motion for a new trial, explaining that "I cannot resolve the matter and I believe for that reason a reasonable doubt exists as to what response, if any, she (juror Bennett) did make and whether she understood she could make a response and in light of those facts, I think that if I'm going to err, I best err on the side of the defendant, and give him a new trial, so I can be any more clear for you, for your record because if you think I'm wrong, I certainly want you (the State) to take it up." The court's written order provides: "That there is a sufficient reasonable doubt that one of the jurors, Julia Lee Bennett, did not express her assent to the verdict, there being some indication that Julia Lee Bennett did, in fact, dissent during the polling of the jury."
We affirm. It is clear from the record that the Court Clerk knew that the juror (Bennett) had not responded in the affirmative at the time she was polled, although the Court Reporter's notes indicate to the contrary. The trial court's failure, at the time the juror was being polled, to secure a definitive answer from her because of the failure of the Deputy Clerk to properly announce the juror's failure to respond either in the affirmative or the negative to the question as to whether or not it was her verdict, contributed to a verdict being published which was not unanimous. There should be much sanctity to a verdict and a juror who responds affirmatively that it is her or his verdict should not be permitted, after discharge, to recant this vote. Smith v. State, 330 So.2d 59 (Fla. 1st DCA 1976); State v. Smith, 183 So.2d 34 (Fla. 2d DCA 1966); State v. Ramirez, 73 So.2d 218 (Fla. 1954); Roberts v. State, 154 Fla. 36, 16 So.2d 435 (1944); Lindsley v. State, 88 Fla. *222 135, 101 So. 273 (1924). When it is abundantly clear that a juror either did not respond to the question or that her response was ambiguous, the matter should be brought to the attention of the trial judge immediately upon the failure of the juror to properly respond, either by counsel for the State or the defense, official court personnel, i.e., deputy clerk, or the official court reporter. The failure to bring such to the attention of the trial court at such time should not preclude the trial court, after appropriate inquiry, from granting a new trial when he is in doubt as to the unanimity of the verdict. Crapps v. Murchek, 330 So.2d 173 (Fla. 4th DCA 1976); Compare: Cogmon v. State, 338 So.2d 562 (Fla. 1st DCA 1976); Rule 3.440 Florida Rules of Criminal Procedure.
Therefore, under the peculiar circumstances of this case, we sustain the action of the trial judge in granting a new trial with the caveat to the bar that only in exceptional circumstances will a verdict be subject to impeachment as relates to the polling of the jury after the jurors have been discharged.
The order under review granting a new trial be and the same is hereby affirmed.
Affirmed.
NOTES
[1] It should be noted that at the time of polling no objections were made to the procedure.