LUTEN, CLAIRE K., Associate Judge.
Jose Gonzalez appeals his convictions for first-degree murder and robbery. He raises three issues on appeal.
Appellant first argues that the trial court erred when it refused to instruct the jury on the defense of 'withdrawal. We conclude that there was no evidence to support such an instruction.
Appellant’s second issue concerns the polling of the jury. Appellant was tried together with the codefendant, Michael Hart-wick. The victim died after Hartwick placed him in a headlock while the appellant stole money from the victim’s trailer. Both Hart-wick and the appellant were found guilty by the jury of first-degree felony murder and robbery.
After the guilty verdict was read the jury was polled. The following exchange took place between the trial court and juror number one, Ms. Slaughter.
THE COURT: Ms. Slaughter, is this your verdict and the verdict of the jury as a whole?
(No response.)
THE COURT: This verdict she read, is that your verdict?
MS. SLAUGHTER: My verdict?
THE COURT: Yes. Is the verdict that she read, is that your verdict and the verdict of the jury as a whole?
MS. SLAUGHTER: I guess so.
THE COURT: Is that how you voted? Is that what you wanted to do?
MS. SLAUGHTER: Well, for one of them.
The trial court, at this point, made no further inquiry and went on to poll the remaining jurors, who were all in agreement with the verdict.
After polling the remaining jurors, the trial court returned to Ms. Slaughter:
MS. SLAUGHTER: Your Honor, I didn’t understand, is that a verdict as a whole. I never....
THE COURT: My question is, is that your decision?
*64 MS. SLAUGHTER: Yes, sir. I didn’t understand what you were saying about this verdict as a whole, because I never....
THE COURT: Okay. Yours and what you understand the rest of the jury voted?
MS. SLAUGHTER: Right.
The appellant argues that his right to a unanimous jury verdict was violated. He points out that under Florida Rule of Criminal Procedure 3.450, that if, while being polled, a juror dissents from the verdict “the court must direct that the jury be sent back for further consideration.”
In Cogmon v. State, 338 So.2d 562 (Fla. 1st DCA 1976), forty-five minutes after being read an Allen[1] charge, the jury returned with verdicts of guilty to both charges. One of the jurors upon being polled, indicated it was not her verdict and that she acquiesced in it only because the other five jurors had reached the conclusion that the defendant was guilty. The trial court continued to question that juror:
THE COURT: But that you independently arrived at that verdict along with the other five members of the jury. Is that correct?
JUROR SEARCY: Well, at the end, yes, I did.
Id. 338 So.2d at 563. The First District did not determine this exchange to be a disavowal of her earlier repudiation of the verdict. Id. The court found that the juror “having dissented from the verdict and there having been no subsequent unanimous verdict, a mistrial should have been declared.” Id. at 563.
In the case at hand, Ms. Slaughter did not express her dissent as strongly as the juror in Cogmon. However, she clearly indicated that her verdict did not apply to one of the defendants. At this point, the trial court should have returned the jury for further deliberation, or it should have inquired further as to what she meant by the statement, “[w]ell [that is what I wanted to do] for one of them.” The polling of the rest of the jurors could be perceived as attempted coercion of Ms. Slaughter. See United States v. Spitz, 696 F.2d 916 (11th Cir.1983). We also note that upon returning to Ms. Slaughter, the trial court, rather than asking her to explain herself, appeared to cut her off, not allowing her to finish whatever it was she was trying to say. We do not conclude, therefore, Ms. Slaughter repudiated her disagreement with the verdict.
We hold that the trial court erred in accepting the jury’s verdict in the manner described, and reverse and remand for a new trial. Our holding renders appellant’s third issue moot.
PARKER, A.C.J., and BLUE, J., concur.

. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).