PER CURIAM.
Davis appeals his conviction and sentence for battery. We affirm.
Davis was charged with attempted sexual battery and false imprisonment. The jury acquitted Davis of both charges, but found him guilty of the lesser included offense of battery. The court instructed the jury to return one verdict for each of the two crimes charged, giving them a form for the charged offense as well as a form for the lesser included offense of battery. The jury returned the signed forms, and each were read aloud, finding the defendant not guilty of the two charges. The jury was polled to confirm the verdict, then discharged. Immediately afterward, the jury itself alerted the bailiff that all of the signed forms had not been read aloud. The court recalled the jury and the clerk read the remaining verdict form, in which the jury had found the defendant guilty of the lesser included offense of battery. The jury was again polled and again confirmed the verdict. On the basis of the second verdict announcement, the trial court adjudicated and sentenced the defendant for battery. A total of four minutes had passed between the jury’s initial discharge and recall. Under these circumstances we find that there was no opportunity for jury contamination between discharge and recall, and therefore affirm the defendant’s conviction and sentence. Masters v. State, 344 So.2d 616 (Fla. 1st DCA 1977).