COPE, Judge.
The state petitions for a writ of certiorari to quash an order of the trial court reinstating a jury verdict in a,criminal case. We grant the petition.
The defendant-respondent David Dwayne Brown was charged with sexual battery.[1] The jury verdict form found defendant guilty of battery, as a lesser included offense. The jury was polled and the jurors each stated that it was their verdict.
Thereafter, as the judge was thanking the jurors for their jury service, juror Thomas stated that she wanted to speak with the judge, and asked the judge to read back some of the jury instructions. The juror said that there was a misunderstanding as to the jury instructions. After further inquiry of the juror as well as a sidebar discussion with counsel, the following transpired:
THE COURT: This is the last time that I can ask you Ms. Thomas, is the verdict that [w]as read, which is what the foreperson gave back to me, finding the defendant guilty of battery, a lesser included charge, the verdict that you agreed to?
MS. THOMAS: That’s what I agreed to, yes.
THE COURT: And that’s your decision?
*850 MS. THOMAS: No, it is not.
The court concluded that the jury had not reached a unanimous verdict. The court provided the jury with a new verdict form and a complete set of instructions and directed the jury to return to the jury room to deliberate. Ultimately the jury was unable to reach a unanimous decision. The trial court declared a mistrial. The defendant objected throughout, and requested that the verdict on battery be accepted.
Defendant filed a motion to reinstate the jury verdict. The trial court ultimately granted the defense motion, reinstated the verdict on battery, and entered judgment accordingly. The trial court took the view that since juror Thomas had initially confirmed that she had concurred in the verdict, it did not matter that prior to being discharged, she had repudiated the verdict. The state has petitioned for a writ of certio-rari.
In our view the trial court’s initial ruling in this matter was entirely correct. Under Florida Rule of Criminal Procedure 3.440, “No verdict may be rendered unless all of the trial jurors concur in it.” Under Rule 3.450, “If a juror dissents, the court must direct that the jury be sent back for further consideration.” In a factually indistinguishable case, the Fifth District has held that “when a juror, before being discharged and while still in the jury box with the jury assembled, expresses that the verdict announced is not his or her verdict, a verdict has not been reached and the court must either declare a mistrial or instruct the jury to deliberate further in an attempt to reach a verdict.” Chung v. State, 641 So.2d 942, 946 (Fla. 5th DCA 1994) (citation omitted); accord Brutton v. State, 632 So.2d 1080 (Fla. 4th DCA 1994); State v. Thomas, 405 So.2d 220, 221 (Fla. 3d DCA 1981), review denied, 415 So.2d 1361 (Fla.1982).
Because in this ease the juror repudiated her verdict prior to being discharged, the trial court was entirely correct in directing the jurors to return to the jury room and continue their deliberations. The defendant’s later motion to reinstate the jury verdict should have been denied. Accordingly we grant the petition for certiorari, quash the trial court order, and return the case to the trial court for a new trial.

. Defendant was charged with two counts of sexual battery, but the trial court granted a judgment of acquittal as to one of the counts.