786 So.2d 1227 (2001)
Ramel WALTERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3945.
District Court of Appeal of Florida, Fourth District.
June 6, 2001.
Lawrence E. Brownstein of Lawrence E. Brownstein, P.A., West Palm Beach, for appellant.
Robert Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of second degree murder and appeals, arguing that the verdict was not unanimous. We affirm.
Following the reading of the verdict, the trial court polled the jury and each juror agreed that the verdict was his or hers. The court then advised the jurors that it was permissible for them to speak with the attorneys about the case so long as it was the juror who initiated the conversation, and asked if any of the jurors had questions. One juror asked the trial judge if she could speak with him afterwards, and he responded that she could.
After the jurors left the courtroom, defense counsel asked that a court reporter be present when the judge spoke with the juror, and the judge then met with the juror in camera with a court reporter.
The juror said that she wanted to talk to the court because "it's a conscience thing." She stated that "I want to talk to you about it because I went through a second degree and I want to talk to you about it so that I will be okay with it, you know, and for you to give mesay something to me that I did the right thing and I know." The judge told her that he couldn't tell her that she did the right thing or the wrong thing. Then the juror stated:

*1228 No, it's just like I don't know, all I know is it's like bothering me, you know, but I guess under the guidelines of second degree murder, I'm assuming it's okay.
The judge again told the juror that he couldn't say whether or not it was right or wrong. The juror then stated:
I'm assuming that it will pass because what the involvement was with this person, I do believe he was really involved, I just don't believe he was the person that did it. But I think that he was involved with it and I think that I still made the right decision because he is one person that you don't have to worry about being in the streets again, you know, and it's just bothering me, but I think it will pass. But that is it, you know, that's how I felt. I did not want to go and say no and yes, but you know, just because I feel he was involved and I feel I did the right thing; it's just a conscious (sic) thing as I've said.
Based on the above colloquy the defendant moved for a new trial asserting lack of unanimity in the verdict. The court denied the motion, concluding that the juror's thoughts were inherent in the verdict.
Although there was ample evidence that appellant shot and killed the victim, there was no theory alleged that someone else did the shooting and that appellant was involved. Appellant argues that the juror did not agree with the verdict in which the jury had to have found that appellant had killed the victim.
Appellant relies primarily on Chung v. State, 641 So.2d 942 (Fla. 5th DCA 1994). In Chung one juror, immediately after the verdict was read, asked if the defendant would go to jail, stating that she was not comfortable with the conviction of aggravated assault with a firearm as she was led to believe that the defendant would not be incarcerated. If she had known that he would be jailed, she would not have agreed. After another question from the court the juror responded that she did not agree with the verdict.
The trial court then sent the jury back for further deliberations and they were unable to reach a verdict. The state then convinced the trial court that the original verdict should be reinstated and the court allowed the conviction to stand. The fifth district reversed, holding that when a juror expresses that a verdict is not his or her verdict, while the jurors are still in the jury box, a verdict has not been reached, and a court must either declare a mistrial or instruct the jury to deliberate further.
Appellant also relies on State v. Thomas, 405 So.2d 220 (Fla. 3d DCA 1981). In Thomas a juror, when the jury was polled, did not respond affirmatively that it was her verdict, which resulted in the trial court's granting a new trial. The present case is distinguishable from both Chung and Thomas in that in the present case (1) the juror agreed that it was her verdict when the jury was polled, and (2) she never claimed that it was not her verdict.
In Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97, 99 (Fla.1991), our supreme court quoted from McAllister Hotel, Inc. v. Porte, 123 So.2d 339, 344 (Fla. 1959), in which the court had stated:
[T]he law does not permit a juror to avoid his verdict for any reason which essentially inheres in the verdict itself, as that he "did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast."
Previously, in State v. Hamilton, 574 So.2d 124, 128 (Fla.1991), the court had explained:

*1229 Florida's Evidence Code, like that of many other jurisdictions, absolutely forbids any judicial inquiry into emotions, mental processes, or mistaken beliefs of jurors. Sec. 90.607(2)(b), Fla.Stat.Ann. (1987) (Law Revision Council Note-1976). Jurors may not even testify that they misunderstood the applicable law. Id.; Songer v. State, 463 So.2d 229, 231 (Fla.), cert. denied, 472 U.S. 1012, 105 S.Ct. 2713, 86 L.Ed.2d 728 (1985). This rule rests on a fundamental policy that litigation will be extended needlessly if the motives of jurors are subject to challenge. Branch v. State, 212 So.2d 29, 32 (Fla. 2d DCA 1968). The rule also rests on a policy "of preventing litigants or the public from invading the privacy of the jury room." Velsor v. Allstate Ins. Co., 329 So.2d 391, 393 (Fla. 2d DCA)(footnote omitted), cert. dismissed, 336 So.2d 1179 (Fla.1976).
In this case the trial court quite correctly concluded that the thoughts expressed by this juror were inherent in the verdict and did not constitute grounds for granting a new trial. We have considered the other issue raised and find it to be without merit. Affirmed.
GUNTHER and FARMER, JJ., concur.