MAY, MELANIE G., Associate Judge.
A jury’s ability to correct a clerical error is questioned in this case. The defendant appeals his conviction of attempted carjacking with a firearm, and suggests that the trial court erred when it resubmitted the case to the jury for continued deliberations. We disagree and affirm.
The State charged the defendant with attempted carjacking with a firearm. The verdict form read in pertinent part as follows:
WE, THE JURY, find as follows as to the Defendant in this case: (Check only one)
_ A. The Defendant is Guilty of Attempted Carjacking, and in the course thereof
1. _did carry a firearm
OR
2. _did carry a deadly weapon
As charged in the Information.
_ B. The Defendant is Guilty of Attempted Carjacking, a lesser-included offense.
When the jury returned from deliberations, only A. was checked. There was no mark as to subsection one or two. The verdict was read, and the jurors polled. The trial court adjudicated the defendant guilty of attempted carjacking, and remanded him into custody. Defense counsel asked to approach the bench, at which time the parties advised the Court that the jury had failed to indicate which subsection under section A. applied. The trial court then informed the jurors, over defense objection, that he was sending them back to deliberate as follows:
*1105 The Court: Your deliberations having been concluded, in finding A., there are two subcategories. We need to know which category you did intend.
The jurors retired to the jury room, and returned shortly thereafter finding the defendant guilty of attempted caijacking with a firearm. In an abundance of caution, the trial court polled each juror to insure that the ultimate verdict had been decided upon during the first deliberation, and that the lack of a mark under section A. had simply been an oversight. Each juror gave that assurance.
Based upon Esskuchen v. State, 756 So.2d 156 (Fla. 5th DCA 2000) and Davis v. State, 631 So.2d 318 (Fla. 3rd DCA 1994), we find that there was no contamination of the jury verdict in this case. The trial court did not err in resubmitting the issue to the jury, which clearly indicated the existence of a clerical error in filling out the verdict form. Had the jury wanted to find the defendant guilty of the lesser-included offense of attempted carjacking without a firearm, section B. was available.
AFFIRMED.
TAYLOR, J., concurs.
FARMER, J., concurs specially with opinion.