POLEN, C.J.
Everett Jackson timely appeals after a jury convicted him of robbery, a lesser included offense of robbery with a firearm. He argues the trial court abused its discretion in denying Jackson a new trial where it accepted the jury’s verdict as unanimous, and in not returning the jury for more deliberations. We agree and reverse.
The state showed that on the date in question, Jackson grabbed the victim’s necklace and bracelet off his person. After the jury found him guilty of robbery, the trial court polled the jury. The foreman indicated that the verdict was not his. The trial court asked this juror, “Did you understand [that when] we had announced the verdict, did you understand that it would have to have been unanimous?” The foreman answered, “Yes, I did find-agreed with the rest of them.” The juror explained that he “changed his mind to agree with the rest of them.” The trial court then asked this juror if the verdict read was his verdict. The juror responded, “Yes.” The court then asked the remaining jurors whether the verdict was theirs, and all answered affirmatively.
Jackson’s motion for new trial on the ground that the jury’s verdict was not unanimous was denied. This appeal followed.
In a jury trial, “the truth of every accusation ... should ... be confirmed by the unanimous suffrage ... of [the defendant’s] equals and neighbors.... ” Brown v. State, 661 So.2d 309, 811 (Fla. 1st DCA 1995) (citations omitted). “[U]nless disagreement is expressed by one or more of [the jurors] or the jury is polled, the verdict shall be entered of record, and the jurors discharged from the cause. No verdict may be rendered unless all of the trial jurors concur in it.” Fla. R.Crim. P. 3.440. Florida Rule of Criminal Procedure 3.450 further provides that “[i]f a juror dissents, the court must direct that the jury be sent back for further consideration. If there is no dissent the verdict shall be entered of record and the jurors discharged.”
In Brutton v. State, 632 So.2d 1080 (Fla. 4th DCA 1994), this court reversed the defendant’s conviction because of the trial judge’s interrogation of the jury, following one juror’s response during the polling process that the verdict was not hers. This court held that once the juror stated the verdict was not hers, the trial court should have returned the jury to the jury room for further deliberations or declared a mistrial based on the lack of a unanimous verdict. “It was reversible error to continue with the poll, proceed to interro *359 gate the foreman on what occurred in the jury room, and then return to examine the dissenting juror, in front of the other jurors, on her reason for disagreeing with the verdict.” Id. at 1082. This court further held that the trial court’s manner of interrogation of this juror was erroneous: “While a trial court may on occasion clarify a juror’s response during polling which is ambiguous, generally it is ‘both unwise and undesirable that the court should enter into an argument with the juror or require an explanation of his change in position.’ ” Id. at 1083 (citation omitted). It concluded,
The unavoidable conclusion is that the court’s questioning had a potentially coercive effect on the lone, dissenting juror who had already broken down in tears. We cannot rule out the possibility that the juror felt pressured into reaffirming the guilty verdict with which she did not agree. Even so, her last affirmation remained equivocal. At that point, a mistrial should have been declared. Therefore, we reverse and remand for a new trial.

Id.

On the instant facts, we hold Brutton compels reversal. The record reflects the foreman indicated without reservation that the verdict was not his. Once he made this assertion, under Brutton and rule 3.450, the court should have returned the jury for further deliberations and stopped further polling. By confronting the juror about whether he understood the court’s prior instructions, the court created a somewhat coercive environment that may have led this juror to capitulate the verdict. Accordingly, we must reverse and remand this case for a new trial. Accord Chung v. State, 641 So.2d 942 (Fla. 5th DCA 1994); State v. Thomas, 405 So.2d 220 (Fla. 3d DCA 1981); but cf. Walters v. State, 786 So.2d 1227 (Fla. 4th DCA 2001)(holding thoughts expressed by juror inhered in the verdict where juror when polled agreed that the verdict was hers, and where she never claimed that it was not her verdict).
REVERSED and REMANDED for a new trial.
STEVENSON and TAYLOR, JJ., concur.