MONACO, J.
Joel C. McAllister appeals from the judgment and sentence arising out of his convictions of burglary of a structure, trespassing, molesting or damaging a vending machine, and petit theft. The issues raised in this appeal concern the integrity of the jury verdict, and the purported mi-sinstruction of the jury by the trial judge. Because the inquiry into the jury’s actions invited by Mr. McAllister concerns matters that inhere in the verdict, we find no error in the trial court’s refusal to grant the relief requested. Likewise, because any instructional error was either not preserved, agreed to, or waived by the defense, we find no cause for reversal in this regard, as well.
Juror interviews are not permitted with respect to any matter that inheres to the verdict and relates to jury deliberations. See Aragon v. State, 858 So.2d 584, 587-88 (Fla. 5th DCA 2003); Walters v. State, 786 So.2d 1227 (Fla. 4th DCA 2001). Section 90.607(2)(b), Florida Statutes (2003), says specifically:
Upon an inquiry into the validity of a verdict or indictment, a juror is not competent, to testify as to any matter which essentially inheres in the verdict or indictment.
In the present case the inquiry sought to be made by Mr. McAllister concerning the motives of certain jurors in connection with their vote to convict him of the burglary charge are clearly within the statutory and common law prohibition. Likewise, inquiry into whether or not the *1268 jurors understood the court’s instructions is also prohibited. See Reaves v. State, 826 So.2d 932, 943 (Fla.2002). Any jury inquiry is limited to “allegations which involve an overt prejudicial act or external influence.” Id. Mr. McAllister’s assertions do not rise to this level.
Mr. McAllister also asserts that the trial court should have answered a jury question concerning the elements of burglary by doing more than simply reviewing the standard burglary charge. The record is clear, however, that Mr. McAllister objected to every alternative suggested by the trial judge, and insisted that only the burglary charge be reread. This issue is, accordingly, not preserved for review. See Occhicone v. State, 570 So.2d 902, 905 (Fla.1990).
Similarly, Mr. McAllister now complains that the judge should not have sent a dictionary back with the jury. While ordinarily it is a bad idea to give the jury a dictionary,[1] in this instance the defense specifically consented to this action when the jury requested it. The issue was, therefore, waived, and not preserved for our review.
Wfliile a number of permutations of the primary issues are also called to our attention by Mr. McAllister, we find no error with respect to them.
AFFIRMED.
SHARP, W., and THOMPSON, JJ., CONCUR.

. “No maker of dictionaries should ever be allowed to define legal terms to a jury unless such definitions go through the medium of the trial judge, the only one authorized by law to give definitions and explanations to the jury.” Smith v. State, 95 So.2d 525, 528 (Fla.1957).