RAMIREZ, J.
 

 Gary Harper appeals his judgment of conviction and sentence. We affirm because it was within the trial court’s discretion to recall a jury that had not yet been discharged in order to correct a clerical error in its verdict.
 

 The State charged Harper with kidnapping and burglary with an assault or battery. The jury returned a verdict of guilty of the lesser count of false imprisonment, and of simple burglary. The jury read the verdict, and the court polled the jury. The court then reviewed the verdict form and found that the jury had failed to fill out completely the verdict form to indicate either the presence or absence of aggravating factors for burglary. The court immediately resubmitted the verdict form to the jury for completion. The jury completed the verdict form, finding existence of the aggravating factors that: the burglary was committed in a dwelling, with a human being inside, and that Harper committed both an assault and battery inside the dwelling. The court then polled the jury again and thereafter excused the jury.
 

 The standard of review for challenges to a trial court’s decision to accept or reject a verdict is abuse of discretion.
 
 See J.T.A. Factors, Inc. v. Philcon Servs., Inc.,
 
 820 So.2d 367 (Fla. 3d DCA 2002). A trial court may recall a jury after being discharged to clear inconsistency, ambiguity, defect, or clerical error, provided that thei’e has not been opportunity for jury
 
 *1093
 
 contamination.
 
 See Thomas v. State,
 
 789 So.2d 1104 (Fla. 4th DCA 2001);
 
 Davis v. State,
 
 631 So.2d 318 (Fla. 3d DCA 1994). Here, as the jury had not yet been discharged, there was no opportunity for jury contamination. In addition, the jury’s inadvertent failure to fill in part the verdict form constituted clerical error. Thus, the court did not abuse its discretion when it resubmitted the verdict form to the jury for completion.
 

 Affirmed.