# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2224

_____

CHARLAYA JOANNE ELAINE
MOORE,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.

August 23, 2019

M.K. THOMAS, J.

Appellant asserts she is entitled to a new trial because the trial court erred in accepting a jury verdict where it was not clear during polling of the jury whether one of the jurors agreed with the verdict or repudiated it. We disagree and affirm.

Following a trial, the jury returned a verdict finding Appellant guilty of aggravated assault on a law enforcement officer, fleeing or attempting to elude a law enforcement officer, and resisting an officer with violence. Appellant requested to have the jury polled. The clerk asked each juror if this was their "true and correct verdict." The last juror responded with "Reluctantly." At a bench

conference, defense counsel requested to explore her answer. However, the trial court denied the request, stating:

> No, ma'am.  I don't have any intention of doing it.  I don't know that there is any case law that would require it.  I suspect a lot of people reluctantly reach verdicts, because they don't like what the situation is, or they don't like the law, but, reluctantly, they may do it because they know that they are duty bound to make certain findings . . .

And when defense counsel noted that the juror appeared visibly disturbed, the trial court stated:

> I get a lot of jurors that are visibly disturbed.  I get people who are crying and visibly they are upset, and visibly of things that take place, so I'm really – you know, at this point there is no reason to inquire any further, so I don't intend to do it.  As I said, I think a lot of jurors probably may reluctantly – I don't think anybody joyously jumps onto a verdict and says, This is the greatest thing I've ever had to do.  So, there you go.

The trial court then dismissed the jury.  Appellant, thereafter, moved for a new trial, raising several issues. Pertinent to this appeal, Appellant argued that the trial court erred in denying her request to further question the last juror regarding her response during the jury polling.  She contended that the response was ambiguous and did not reflect consent with the verdict. The trial court denied the motion for new trial and sentenced Appellant to concurrent terms of three years in prison.

This Court reviews for an abuse of discretion the trial court's decision to accept a verdict.  *See Harper v. State*, 66 So. 3d 1092, 1092 (Fla. 3d DCA 2011).  Florida Rule of Criminal Procedure 3.440 outlines the procedure for rendering a jury verdict.  Under this rule, the trial court asks the foreperson if the jury panel reached an agreement on the verdict.  Fla. R. Crim. P. 3.440.  If the foreperson answers affirmatively, the verdict is delivered to the clerk to read and record.  *Id.*  Where, as here, the jury is polled, the verdict is not recorded immediately.  The jury polling is

conducted pursuant to Florida Rule of Criminal Procedure 3.450, which provides:

> On the motion of either the state or the defendant or on its own motion, the court shall cause the jurors to be asked severally if the verdict rendered is their verdict. If a juror dissents, the court must direct that the jury be sent back for further consideration. If there is no dissent the verdict shall be entered of record and the jurors discharged. However, no motion to poll the jury shall be entertained after the jury is discharged or the verdict recorded.

Thus, if a juror indicates that the verdict was not theirs, the trial court is required to send the jury back for further deliberations. Otherwise, if no juror dissents, the verdict is recorded, and the jury is discharged. *See Simpson v. State*, 3 So. 3d 1135, 1142 (Fla. 2009). If a juror's answer is ambiguous, the trial court has discretion to seek clarification. *See Brutton v. State*, 632 So. 2d 1080, 1083 (Fla. 4th DCA 1994); *Gonzalez v. State*, 627 So. 2d 63, 64 (Fla. 2d DCA 1993). The jury's verdict cannot be rendered unless all the jurors concur in it. Fla. R. Crim. P. 3.440; *see also Perry v. State*, 10 So. 3d 695, 697 (Fla. 1st DCA 2009) ("Although neither the Florida nor Federal Constitutions contain the term 'unanimous' in connection with jury trials or verdicts, the requirement that a jury verdict in a criminal case must be unanimous has long been recognized in Florida.").

In the instant case, the trial court did not err in accepting the verdict after the jury was polled and discharged. During the polling, the last juror's response of "reluctantly" was not ambiguous and did not necessarily need clarification or further deliberation. The answer merely expressed some sort of reservation about the decision, but it remained an affirmative answer. She agreed that it was her verdict, which is the only requirement in rule 3.450. *See Ferrell v. Jones*, 2017 WL 7230428 (N.D. Fla. July 24, 2017) (holding that juror's answer of "yes, with regrets" was not a clear expression of reasonable doubt or a dissent from the verdict); *see also Young v. State*, 236 S.E.2d 1 (Ga. 1977) (stating that juror's poll response that he had "reservations" did not prevent the verdict from being unanimous; only requirement

3

was that juror agree to verdict, which he did). The last juror did not expressly state the verdict was not her verdict. *Cf. Gonzalez*, 627 So. 2d at 64 (concluding that juror clearly indicated verdict was for one of defendants); *Cogmon v. State*, 338 So. 2d 562, 563 (Fla. 1st DCA 1976) (holding that juror's statement, that she went along with verdict because other jurors had reached guilty conclusion, did not disavow her earlier clear repudiation of verdict). Therefore, she did not repudiate the guilty verdict.

Appellant cites a 1996 case from Maryland for support of her argument that the "reluctant" statement was ambiguous and required clarification. In *Bishop v. State*, 341 Md. 288 (1996), a juror first responded to a poll with "uhh, reluctantly, yes." Following a bench conference in which defense counsel requested the trial court to seek clarification, the trial judge instructed the clerk to start over with the jury polling. *Id.* at 290. In the second poll, the juror individually answered affirmatively with no qualifying words. *Id.* The clerk then asked the jury panel as a group whether their verdict was guilty. *Id.* at 290-91. Defense counsel noted that the same juror did not respond to the question and, because the juror clearly had reservations and was visibly upset, moved for a mistrial. *Id.* at 291-92. The trial court denied the motion, declined to send the jury back for additional deliberations or to seek clarification, and discharged the jury.

The Maryland Court of Appeals reversed, holding that the juror's response was ambiguous and that the trial court's actions were not appropriate to resolve the ambiguity. *Id.* at 292. The Maryland court relied upon its earlier decision in *Lattisaw v. State*, 329 Md. 339 (1993), in which a "with reluctance" response was determined to be ambiguous when accompanied by the juror being visibly upset and shaking her head.

Here, the trial court did not abuse its discretion in declining to resolve any ambiguity in the juror's response. Unlike in the Maryland cases, her response was not accompanied by any negative actions. Although defense counsel noted she was "visibly disturbed," the record does not reflect that she was visibly upset, crying, or shaking her head when she gave her response. In addition, the trial court was in the best position to determine whether the juror's response reflected any confusion or uncertainty

4

with the verdict or whether she merely disliked having to decide. Appellant's judgment and sentence is affirmed.

AFFIRMED.

B.L. THOMAS and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Kasey Lacey, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.