# Third District Court of Appeal
## State of Florida

Opinion filed May 27, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0435
Lower Tribunal No. F09-32100B
_____


**Phillip Brewer,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Phillip Brewer, in proper person.

James Uthmeier, Attorney General, for appellee.


Before MILLER, LOBREE and BOKOR, JJ.

BOKOR, J.

Phillip Brewer appeals the trial court's denial of his motion to correct an illegal sentence. We affirm because his sentence was legal. See Carter v. State, 786 So. 2d 1173, 1178 (Fla. 2001) ("[I]f it is possible under all the sentencing statutes—given a specific set of facts—to impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it." (quotation omitted)).[1]

Affirmed.

---

[1] Although we affirm for the reason stated above, we note that the record refutes Brewer's claim that the jury was recalled after discharge to continue deliberations or to act in some way that constituted a violation of double jeopardy. Rather, the jury was recalled so that the courtroom deputy clerk could read an omitted line of the verdict rendered prior to discharge. The jury was then re-polled and unanimously confirmed the rendered verdict. As this court has explained, "[a] trial court may recall a jury after being discharged to clear inconsistency, ambiguity, defect, or clerical error, provided that there has not been opportunity for jury contamination." Harper v. State, 66 So. 3d 1092, 1092–93 (Fla. 3d DCA 2011). Here, the trial court cleared any hint of ambiguity or defect and the record demonstrated no opportunity for jury contamination.